IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RANDALL WILSON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>    Respondent. | CIVIL ACTION NO.: 5:21-cv-66 |

### REPORT AND RECOMMENDATION

Petitioner Randall Wilson ("Wilson") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Wilson filed a Response. Docs. 6, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Wilson's § 2254 Petition based on his failure to exhaust his state remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Wilson *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Wilson executed his Petition on October 28, 2021, and it was filed in this Court on November 1, 2021. Doc. 1. After Wilson paid the requisite filing fee, the Court ordered service of Wilson's Petition. Respondent filed an Answer-Response and a Motion to Dismiss, asserting the claims in Wilson's Petition related to his 2019 conviction are untimely and Wilson failed to exhaust available state remedies as to any of his claims. Docs. 5, 6. Wilson filed a Response to the Motion to Dismiss, as supplemented. Docs. 9, 10. This matter is ripe for review.

## DISCUSSION

In his Petition, Wilson contests his Ware County revocation proceedings. Doc. 1 at 13. Wilson initially pleaded guilty to aggravated assault in Ware County Superior Court and was sentenced to 15 years' probation in August 2019. Doc. 7-1 at 8. Wilson's probation was revoked on September 30, 2021, after his commission of other felony offenses. Id. at 1, 4. Wilson was sentenced to serve five years in prison and then return to a term of probation. Id. at 1. Wilson asserts he was given a probationary sentence in the State of Missouri based on his probation violation charges and was over-sentenced upon his return to Georgia. Doc. 1 at 5. Wilson also asserts his counsel was ineffective because he never contacted authorities in Missouri to verify Wilson's contention multiple Missouri charges were dismissed. Id. at 7. In addition, Wilson contends his underlying aggravated assault charge in Ware County was a misdemeanor, yet the charge was changed to a felony when he appeared in court. Id. at 8. Further, Wilson states his probation was revoked more than once, but he did not receive concurrent sentences. Id. at 10. Wilson contends he did not exhaust his state remedies to challenge his September 2021 revocation because he was not given an appeal form upon his return to county jail, and his attorney did not tell him he could file an appeal. Id. at 6, 10. Wilson also states he "recently" learned he was supposed to be on probation "at [his] prior address instead of in Ware Co[unty] again[]" and the prosecuting attorney "showed discrimination after [Wilson's] case." Id. at 7, 9.

Respondent moves to dismiss Wilson's Petition because he failed to exhaust his state remedies as to his claims prior to his filing on October 28, 2021. Doc. 6 at 2. To the extent Wilson challenges his 2019 conviction, Respondent notes Wilson did not pursue any manner of post-conviction relief and did not pursue any state remedies relating to the September 2021

2

revocation proceedings. Id. at 1–2. Thus, Respondent maintains Wilson's Petition should be dismissed.

In his Response, Wilson clarifies his § 2254 Petition concerns only his 2021 probation revocation proceedings and any reference to his 2019 proceedings is merely to note his underlying offense.[1] Doc. 9 at 1; see also Doc. 1 at 13 ("The revocation is the sentence I'm challenging."). Wilson asserts he has written lawyers and courts to ask for appeal and habeas forms, yet he received no responses. Id. In his supplement, Wilson contends the state court judge he wrote responded to his letter by informing Wilson he was represented and the court was returning his *ex parte* communication. Doc. 10 at 1.

**I.      Whether Wilson Exhausted His State Remedies**

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement he seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

---

[1] Wilson's clarification is unequivocal. Therefore, I construe Wilson's Petition to assert claims related only to his 2021 probation revocation; Wilson has not asserted any claim related to his 2019 conviction.

3

the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  The United States Supreme Court has held "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845.  This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court

4

has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Wilson has not shown this Court should entertain his federal petition. It is clear from the face of Wilson's Petition he did not exhaust his state remedies concerning his September 2021 revocation proceedings prior to the filing of his Petition.[2] While Wilson notes he attempted to obtain appeal and habeas forms, it is apparent he did not wait a reasonable time to receive responses to any requests, as he executed the instant Petition on October 28, 2021, which was not even a month after his probation was revoked. Doc. 1; Doc. 9 at 10 (showing dates of mailing to what appear to be attorneys on October 20 and 25, 2021); see also id. at 9 (a return notice from the Georgia Court of Appeals, dated January 12, 2022, notifying Wilson an application for writ of habeas corpus should be filed in the county of his confinement). Wilson obviously knows he was required to file an appeal and a state habeas petition prior to filing a federal petition; he just failed to do so. In addition, there is no evidence corrective process in the State of Georgia is unavailable. See O.C.G.A. § 9-14-40 et seq.(setting forth Georgia's general habeas proceedings). Wilson has not shown any waiver of the exhaustion requirement or that the State has unreasonably delayed any state proceedings. Wilson failed to exhaust his available state remedies regarding the grounds set forth in his Petition prior to filing his § 2254 Petition. Consequently, his Petition should be dismissed, without prejudice. It is unnecessary to address the remaining ground of Respondent's Motion to Dismiss.[3]

---

[2]   The state court judge signed the order revoking Wilson's probation on September 22, 2021, but it was filed with the Ware Court Clerk of Court on September 30, 2021. Doc. 7-1 at 1. Respondent uses the latter date for Wilson's conviction, doc. 6-1 at 2, as does the Court. Such a distinction is immaterial, however, as Wilson did not exhaust his state remedies, regardless of the conviction date used.

[3]   Respondent also moves to dismiss as untimely any challenge to Wilson's 2019 conviction. Doc. 6. As noted, Wilson is only challenging his 2021 revocation.

5

**II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Wilson leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Wilson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Wilson's Petition and the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Wilson *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Wilson's § 2254 Petition based on his failure to exhaust, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Wilson *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA